RITA M. HAEUSLER (SBN 110574)
rita.haeusler@hugheshubbard.com
HANNAH A. BOGEN (SBN 324294)
hannah.bogen@hugheshubbard.com
HUGHES HUBBARD & REED LLP
1999 Avenue of the Stars, 9th Floor
Los Angeles, CA 90067-4620
Telephone: (213) 613-2800
Facsimile: (213) 613-2950

Attorneys for Applicants PATH NETWORK, INC.;
and TEMPEST HOSTING, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re *Ex Parte* Application of<br><br>Path Network, Inc.; and<br>Tempest Hosting, LLC,<br><br>                    Applicants. | CASE NO.<br><br>***EX PARTE* APPLICATION FOR ORDER TO TAKE EVIDENCE PURSUANT TO 28 U.S.C. § 1782; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

Path Network, Inc. ("Path") and Tempest Hosting, LLC ("Tempest") (collectively "Applicants") hereby apply to this Court *ex parte* for an Order to take evidence pursuant to 28 U.S.C. § 1782 ("Application").

The proposed subpoena, a copy of which is submitted with this Application, seeks from Discord Inc. ("Discord") documents and data relating to Curtis Gervais ("Gervais"), Rene Roosen ("Roosen"), and Archetype#8484 ("Archetype"), one of their suspected aliases.  Applicants will use such discovery in a pending proceeding in the Superior Court of Justice in Ontario, Canada (the "*Gervais* Action")

This Application is supported by the accompanying declarations of Hannah A. Bogen, Tom Warren, and Daina Slenys and all exhibits thereto.

*EX PARTE* APPLICATION FOR ORDER TO TAKE EVIDENCE PURSUANT TO 28 U.S.C. § 1782;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

104948156_1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND..................................................3

     I.     The Parties ...................................................................................................3

     II.    Path and Tempest Engage in Pre-Litigation Discovery..................................4

     III.   Following Pre-Litigation Discovery, Path and Tempest File Suit Against Gervais and PR ..........................................................................................6

     IV.   Path and Tempest Attempt to Collect Discovery from Discord ...................8

ARGUMENT ....................................................................................................................8

     I.     The Court Should Grant the Application and Issue the Discord Subpoena...................8

CONCLUSION ...............................................................................................................11

i

104948156_1

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*In re: Ex Parte Application Varian Med. Sys. Int'l AG,*
    No. 16-MC-80048-MEJ, 2016 WL 1161568 (N.D. Cal. Mar. 24, 2016) ...............................11

5

6

*Intel Corp. v. Advanced Micro Devices, Inc.,*
    542 U.S. 241 (2004).........................................................................................................9, 10

7

*Ishiyama v. Google*
    LLC, No. 22-MC-80192-EJD, 2022 WL 17970190 (N.D. Cal. Dec. 27, 2022) .................9, 10

8

9

*In re Med. Inc. Ass'n Takeuchi Dental Clinic,*
    No. 5:22-MC-80200-EJD, 2022 WL 10177653 (N.D. Cal. Oct. 17, 2022) ...........................11

10

11

*In re Qualcomm Inc.,*
    162 F. Supp. 3d 1029 (N.D. Cal. 2016) .................................................................................10

12

*In re: Request for Int'l Jud. Assistance From the Turkish Ministry of Just.,*
    No. 16-MC-80108-JSC, 2016 WL 2957032 (N.D. Cal. May 23, 2016) .................................10

13

14

*In re Soeda,*
    No. 20-MC-80150-SVK, 2020 WL 6149695 (N.D. Cal. Oct. 20, 2020) ................................11

15

*In re W. Face Cap. Inc.,*
    No. 19-MC-80090-LB, 2019 WL 1594994 (N.D. Cal. Apr. 15, 2019)...................................10

16

17

**Statutes and Rules**

18

28 U.S.C. § 1782...............................................................................................................................8

19

28 U.S.C. § 1782(a) .....................................................................................................................9, 10

20

21

22

23

24

25

26

27

28

104948156_1

1    Path and Tempest respectfully submit this Memorandum of Points and Authorities in Support

2    of their Application.

3                                    **INTRODUCTION**

4        Path and its subsidiary, Tempest, both Arizona data hosting and data security companies, are

5    currently suing Gervais, a former Tempest employee, and his company, Packet Rabbit Inc. ("PR")[1]

6    in the *Gervais* Action for, among other things, misappropriation of confidential information,

7    dissemination of defamatory lies about Path and Tempest to third parties, and spoliation of evidence.

8    One of the key facts in Path and Tempest's case against Gervais is that he and an individual named

9    Roosen use multiple online accounts, including chat accounts hosted by a messaging platform called

10   Discord, to engage in cyber harassment and to spread defamatory lies about Path and Tempest on the

11   internet and to third parties and to poach Path and Tempest's clients.  The various aliases that Path

12   and Tempest allege that Gervais and Roosen used to engage in this conduct include but are not

13   limited to Archetype, Renual#7394 ("Renual"), and cmg#8239 ("CMG").

14       Path and Tempest allege that Gervais misappropriated Path and Tempest's confidential

15   information and sent it to Roosen, who then used it to defame Path and Tempest and convince their

16   customers to leave Path and Tempest for GSK, a competitor company that he founded.  Another key

17   fact Path and Tempest allege is that Gervais attempted to sell or ransom their confidential source

18   code and other confidential information over Discord, using the Archetype alias.

19       Before Path and Tempest filed suit, the Superior Court of Justice in Ontario, Canada (the

20   "Canadian Court") issued three orders:  (i) permitting Path and Tempest pre-litigation discovery,

21   including the collection of electronic documents (the "Anton Piller Order") and (ii) permitting Path

22   and Tempest to collect PR's off-site data and assets (the "Stand and Deliver Order"), and (iii)

23   prohibiting Gervais from continuing to engage in the harmful misconduct described above.[2]

24

25   [1] Gervais incorporated PR in November 2020 and is its sole officer and director.

26
27   [2] The January 9, 2023 Anton Piller and Stand and Deliver Orders from the Canadian Court require
     the collection of physical and electronic documents relevant to the *Gervais* Action.  They are
     collectively referred to as the "Canadian Court's Orders."
28

104948156_1

1    Through pre-litigation discovery, it was revealed that Gervais and PR have over 417 sets of

2    credentials (including Discord credentials) to log in to various servers (including Discord servers).

3    Despite Canadian Court Orders preventing the destruction or deletion of relevant evidence, between

4    the start of pre-litigation discovery and the present, Gervais has destroyed and continues to destroy

5    evidence relevant to the lawsuit, has concealed and continues to conceal evidence from Path,

6    Tempest, and the court-appointed data forensics specialists, and has manipulated and continues to

7    manipulate various data servers to prevent anyone from gaining access to evidence of his egregious

8    misconduct.

9    Path and Tempest require Discord, a California-based company to provide the account and

10   messaging data that it possesses for Gervais, Roosen, Archetype, and various third parties identified

11   in the *Gervais* Action as parties to whom Gervais has made defamatory communications and

12   disclosed confidential information, in order to effectuate the Canadian Court's Orders.  If Discord

13   provides access to the Gervais, Roosen and Archetype account and messaging data, the Canadian

14   Court appointed independent data forensics specialists can review it and execute the Canadian

15   Court's Orders.  However, despite repeated efforts, Discord refuses to grant Path and/or Tempest

16   access to this data.  If the Court does not grant the instant Application, Path and Tempest will be

17   unable to fully execute the Canadian Court's Orders and engage in discovery essential to their case,

18   and Gervais and Roosen will have successfully hidden critical evidence from the Canadian Court.

19   They also may feel free to continue to engage in defamatory and extortionist misconduct and destroy

20   evidence.

21   Accordingly, for the reasons detailed below, Path and Tempest respectfully request that the

22   Court grant this Application and issue an order and subpoena requiring Discord to produce (1) all

23   passwords and account data associated with Gervais, Roosen, and Archetype, (2) Gervais, Roosen,

24   and Archetype's  login history for any and all Discord accounts, and (3) any and all messaging data

25   associated with any of Gervais, Roosen, or Archetype's Discord accounts (the "Discord

26   Subpoena")[3].  Separately, pursuant to Section 1782, Path and Tempest request that this Court

27   _____

[3] As detailed in the Discord Subpoena attached hereto, the above-requested data includes but is not
28   limited to the following usernames: Archetype#8484, Renual#7394, and cmg#8239.

*EX PARTE* APPLICATION FOR ORDER TO TAKE EVIDENCE PURSUANT TO 28 U.S.C. § 1782;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

104948156_1

1   appoint Tom Warren, an independent data forensics specialist appointed by the Canadian Court

2   ("Warren") as Commissioner of this Court to take such steps as may be necessary to complete

3   execution of the Canadian Court's Orders.

**FACTUAL AND PROCEDURAL BACKGROUND**

4

5   **I.      The Parties**

6          Path is an Arizona company that provides online data hosting and cyber security services to

7   subscribers.  Affidavit of Daina Slenys ("Slenys Affidavit") Ex. A at ¶ 17.  Tempest, Path's

8   subsidiary, is an Arizona company that provides online virtual hosting services.  *Id.* at ¶ 18.

9   Tempest specializes in leasing servers to customers and providing online virtual hosting.  *Id.*  Path

10  owns and operates the servers and provides cutting-edge cyber security and data protection to ensure

11  the data stored on the servers leased by customers is not compromised.  *Id.*

12         Gervais is a Canadian citizen who became a Path and Tempest customer in June 2020.  *Id.* at

13  ¶ 20.  He incorporated PR, a Canada corporation, in November 2020.  *Id.*  He is PR's sole director

14  and officer.  *Id.*  PR is also an online virtual hosting company that operates and leases servers to

15  customers for a monthly fee.  *Id.* at ¶ 21.  From approximately July 8, 2021, to September 16, 2022,

16  Gervais, who lives in Ontario, Canada, also worked for Tempest.  *Id.* at ¶ 6.  As a result of his work,

17  he had access to confidential information about both Tempest and Path.  *Id.*

18         On June 24, 2022, Tempest demoted Gervais based on his admitted cyber hacking of GSK, a

19  Tempest competitor and a company that Roosen founded.  *Id*. at ¶¶ 70-81.  Shortly after his

20  demotion, Gervais changed his target from GSK to Path and Tempest.  Gervais disclosed Path's and

21  Tempest's confidential information to third parties including GSK, made defamatory comments

22  concerning Path and Tempest and told third parties of his intentions to harm Path and Tempest,

23  including by "drowning" the companies.  *Id.* at ¶¶ 83-86.

24         As the CEO and founder of GSK, a company that is a competitor to Path, Roosen is a critical

25  actor in Gervais' defamatory scheme - the two conspire together to harm Path and Tempest.  *Id.* at ¶¶

26  97-100, 115-119.  Specifically, Gervais provides Roosen with confidential and/or false information

27  about Path and Tempest, which Roosen uses to convince *additional* third parties to terminate their

28  user agreements with Path and Tempest and instead start a relationship with GSK.  *Id.*  Discord is

*EX PARTE* APPLICATION FOR ORDER TO TAKE EVIDENCE PURSUANT TO 28 U.S.C. § 1782;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

104948156_1

1   one of the primary platforms that Gervais and Roosen use to communicate with each other and with

2   third parties in their effort to defame Path and Tempest and destroy their businesses by poaching

3   clients, including by using the Archetype, Renual, and CMG aliases to do so.  *Id.;* Bogen Decl. ¶ 4;

4   Warren Affidavit Exs. B, C, F.

5          On or around September 15, 2022, Gervais resigned from Tempest.  *Id.* at ¶ 112.  Beginning

6   on January 5, 2023, Path and Tempest believe that Gervais acted to harm them using the alias

7   Archetype.  Warren Affidavit Ex. A ¶¶ 156-166.  Specifically, Archetype used Discord to offer for

8   sale to third parties Path and Tempest's confidential source code and other confidential information

9   (which, assuming it is Gervais, he collected during his employment, which is propriety information

10  vital to the operation and success of Path and Tempest's businesses) on the dark web for upwards of

11  $800,000.00.  *Id.*  Despite posting on Discord that Archetype had access to Path and Tempest's

12  confidential source code and other confidential data, when Path representatives attempted to

13  correspond with Archetype (using fake usernames to conceal their identity) to confirm the

14  confidential data was real, Archetype refused to disclose additional information unless they paid

15  Archetype $50,000.00.  *Id.*  Because Gervais was one of the only Path and Tempest employees who

16  had access to this data, and given Gervais's many other attempts to damage Path, Path and Tempest

17  believe that Archetype is Gervais and that Gervais is ransoming this data.  *Id.*  Additionally, Path and

18  Tempest confirmed that Gervais accessed some of the confidential data that Archetype ransomed on

19  Discord as recently as June and August, 2022, even though he was not required to interact with those

20  databases as part of his job.  *Id.*

21         On information and belief, Gervais and Roosen, acting together and separately, continue to

22  use various aliases to defame Path and Tempest, poach their clients for GSK and Roosen's benefit,

23  and disseminate or threaten to sell proprietary and confidential information.  *Id.* at ¶¶ 97-100,

24  115-119.

25  **II.     Path and Tempest Engage in Pre-Litigation Discovery**

26         On or about November 14, 2022, Path and Tempest filed a Notice of Action, Motion Record,

27  and Factum in the Canadian Court for pre-litigation evidence preservation, and a general injunctive

28

*EX PARTE* APPLICATION FOR ORDER TO TAKE EVIDENCE PURSUANT TO 28 U.S.C. § 1782;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

104948156_1

order related thereto the *Gervais* Action.  Slenys Affidavit ¶ 4; Affidavit of Tom Warren ("Warren Affidavit") ¶ 3.

On January 9, 2023, the Canadian Court issued the following orders related to pre-litigation evidence preservation:

- An Anton Piller Order, which is analogous to a search warrant in the United States, with respect to Gervais' residence in Lanark, Ontario[4];

- A Stand and Deliver Order, which requires Gervais turn over off-site evidence not located at Gervais' residence in Lanark, Ontario, and assets of PR to the Plaintiffs[5]; and

- A general injunctive order, which prohibits Gervais from continuing certain acts that form the basis for the litigation.

*Id.* at ¶¶ 6-7; Warren Affidavit ¶¶ 3-4.

On January 10, 2023, during the execution of the Canadian Court's Orders, three laptops, two cell phones, two iPads, and numerous credit cards in PR's name were turned over by the authorities conducting the search to Warren, one of the court-appointed independent data forensics specialists. Slenys Affidavit Ex. A ¶¶ 168, 170; Warren Affidavit ¶¶ 10-12.

Also during the execution of the Canadian Court's Orders, Warren attempted to search, image, and save data from Gervais and PR's cloud-based accounts.  *Id*. at ¶ 171; *Id.* at ¶¶ 10-14. When asked for the passwords to his various devices, Gervais stated that they were stored on an encrypted repository called "LastPass."  *Id*.; *Id.* at ¶ 11.  Gervais' LastPass password list showed that he had 417 sets of login credentials for various applications and websites.  *Id.* at ¶ 172; *Id.* at ¶ 12. Before the search concluded for the day, Warren changed Gervais' LastPass password such that Gervais could not access the account and delete relevant evidence while the searches and preservation efforts remained ongoing.  *Id.* at ¶¶ 173, 176; *Id.* at ¶ 13.

---

[4] The Canadian Court's Orders require that Warren collect Discord messaging data involving Gervais, Roosen, Archetype, Renual, and CMG.  Warren Affidavit Exs. B, C, F.

[5] PR's off-site data is Gervais' off-site data because he is the sole director and officer of PR and he uses PR to engage in unlawful conduct in order to shield himself from liability.  Warren Affidavit Ex. A at ¶¶ 7, 224; *see also* Warren Affidavit Ex. B (Canadian Court order using Gervais and PR interchangeably); Warren Affidavit Ex. C (same).

*EX PARTE* APPLICATION FOR ORDER TO TAKE EVIDENCE PURSUANT TO 28 U.S.C. § 1782;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

104948156_1

However, days later when Warren attempted to access Gervais' LastPass account to complete the execution of the Canadian Court's Orders, LastPass sent Gervais an email to verify that the log-in attempt was valid. *Id.* at ¶ 181; *Id.* at ¶ 24. Gervais failed to respond to Warren's requests to verify the log-in attempt. *Id.* at ¶ 182; *Id.* at ¶ 25. Gervais ultimately claimed he was unable to verify the log-in attempt because he was locked out of both his email and his LastPass accounts. *Id.* at ¶ 182; *Id.*

Gervais claimed that despite his efforts, he could not regain access to his email. *Id.* at ¶¶ 186, 195; *Id.*

On January 20, 2023, the Canadian Court extended the time for Warren to execute the Canadian Court's Orders to June 2, 2023. *Id.* at ¶ 190; *Id.* at ¶ 34; Warren Affidavit Ex. H. To date, Warren has been unable to gain access to Gervais' email, Discord, and/or LastPass accounts. *Id.* at ¶ 185; *Id.* at ¶¶ 49-51.

**III.    Following Pre-Litigation Discovery, Path and Tempest File Suit Against Gervais and PR**

On March 9, 2023, Path and Tempest filed the *Gervais* Action. Slenys Affidavit Ex. A. In the *Gervais* Action, Path and Tempest allege that Gervais (i) misappropriated confidential information for his unauthorized use and benefit, (ii) solicited Path and Tempest's customers and staff using that misappropriated confidential information, (iii) conspired with others, including Roosen, to cause harm to Path and Tempest, (iv) contacted Path and Tempest's customers, investors, and staff for the purposes of disseminating false and defamatory misinformation on the internet and to third parties regarding Path and Tempest's officers and the financial health of Path and Tempest, (v) used PR as his *alter ego* to shield himself from liability and commit additional misconduct, and (vi) continues to engage in spoliation of evidence of his tortious and wrongful conduct by intentionally destroying evidence and falsely claiming he cannot access data that the Canadian Court ordered him to produce. *See* Slenys Affidavit Ex. A; Slenys Affidavit Ex. A at ¶ 227, 236.

Path and Tempest asserted claims against Gervais and PR for:

1.    Unlawful Interference in Economic Interests and Breach of Confidence;

104948156_1

2.      Breach of Contract(s) (both Gervais' Employment Agreement with Path and his Independent Contractor Agreement);

3.      Piercing the Corporate Veil/Gervais' Use of PR as his Alter Ego;

4.      Breach of Fiduciary Duty and Trust;

5.      Internet Harassment;

6.      Conspiracy to Harm Path; and

7.      Spoliation of Evidence.

Roosen is a key actor in four of Path's and Tempest's seven claims against Gervais and PR. Path and Tempest allege that by using the defamatory and confidential information Gervais provided to solicit clients to join Roosen's company GSK, Roosen and Gervais conspired to unlawfully interfere in Path and Tempest's economic interests, to breach fiduciary duties owed to Path and Tempest, to engage in internet harassment, and to harm Path. Warren Affidavit Ex. A at ¶¶ 89, 97, 100, 208, 215-235.

Path and Tempest's allegations against Gervais also include allegations detailing the way in which Archetype, one of Gervais' suspected aliases, threatened to sell Path and Tempest's confidential source code and data on the dark web for upwards of $800,000.00. *Id.* at ¶¶ 156-66.

Path and Tempest also allege that Gervais has engaged in spoliation of evidence relevant to the above conduct in the following ways:

- Secretly accessing email accounts which he claims to be locked out of and quickly deleting contents of the email host used;
- Secretly accessing his Discord account which he claims to be locked out of;
- Sequestering information with respect to the PR servers, equipment and data as housed at a second Data Center location;
- Seeking help from PR customers to access and remove relevant evidence from the PR Servers at a secure data center; and
- Destroying documents and evidence to affect the outcome of the litigation and in an attempt to further conceal his wrongful conduct and the wrongful conduct of all Defendants. *Id*. at ¶¶ 237-38.

7

1  **IV.     Path and Tempest Attempt to Collect Discovery from Discord**

2          Gervais and Roosen used Discord as their platform to disseminate Path and Tempest's

3  confidential information to third parties, to poach clients, and to engage in defamatory misconduct.

4  *See* Warren Affidavit Ex. A ¶¶ 89-100, 115-119.  Both individuals continue to do so.  *Id.*

5          In furtherance of the *Gervais* Action, counsel for Path turned to Discord in an effort to collect

6  relevant discovery without the need for court intervention.  *See* Declaration of Hannah A. Bogen

7  ("Bogen Decl.").  Path and Tempest also needed to act quickly to conserve relevant messaging and

8  user data given Gervais' history of interfering with discovery and destroying evidence.  *See* Warren

9  Affidavit; *See* Warren Affidavit Ex. A.  On April 10, 2023, counsel for Path and Tempest asked

10 Discord to preserve all messaging data related to this defamatory conduct.  Bogen Decl. ¶ 3.  On

11 April 11, 2023, Discord responded that it would not do so.  *Id.* A subpoena ordering Discord to

12 produce Gervais' and Roosen's account and messaging data will allow Path and Tempest in the pre-

13 litigation discovery ordered by the Canadian Court.  Appointing Warren as Commissioner of the

14 Court will allow him to execute his remaining tasks under the Canadian Court's Orders.  *Id.* at ¶ 4.

15                                                 **ARGUMENT**

16 **I.     The Court Should Grant the Application and Issue the Discord Subpoena**

17         Section 1782, Title 28 of the United States Code vests the Court with the authority to order

18 any person within this district to produce evidence for use in a proceeding in a foreign tribunal if the

19 following requirements are met:

20              (1) the request must be made "by a foreign or international tribunal,"
                or by "any interested person"; (2) the request must seek evidence,
21              whether it be the "testimony or statement" of a person or the
                production of "a document or other thing"; (3) the evidence must be
22              "for use in a proceeding in a foreign or international tribunal"; and (4)
                the person from whom discovery is sought must reside or be found in
23              the district of the district court ruling on the application for assistance.

24

25 *Ishiyama v. Google* LLC, No. 22-MC-80192-EJD, 2022 WL 17970190, at *1 (N.D. Cal. Dec. 27,

   2022) (citations omitted).
26
           These requirements are all met here.  Path and Tempest, as Arizona-based litigants in the
27
   Canadian Action are "interested person[s]" entitled to seek relief.  *Intel Corp. v. Advanced Micro*
28

                                                      8

1  *Devices, Inc.*, 542 U.S. 241, 256 (2004) ("No doubt litigants are included among, and may be the

2  most common example of, the 'interested person [s]' who may invoke § 1782[.]").  Path and

3  Tempest seek evidence from Discord consisting of (1) all passwords and account data associated

4  with Gervais, Roosen, and Archetype, (2) Gervais, Roosen, and Archetype's login history for any

5  and all Discord accounts, and (3) any and all messaging data associated with any of Gervais,

6  Roosen, or Archetype's Discord accounts.  The evidence requested will be used to fulfill the

7  Canadian Court's Orders.  Path and Tempest seek evidence from Discord - a company with

8  headquarters within the Northern District of California.  Accordingly, all of the factors enumerated

9  in 28 U.S.C. § 1782(a) are met.  The Court therefore has the authority to grant the Application.  It

10  should exercise its discretion to do so.

11  In addition to the factors in the above statute, the Supreme Court set forth the following four

12  factors that are considered in deciding whether to grant an application for production of evidence for

13  use in a foreign proceeding:

14  (1) whether "the person from whom discovery is sought is a
    participant in the foreign proceeding" . . . (2) "the nature of the foreign

15  tribunal, the character of the proceedings underway abroad, and the
    receptivity of the foreign government or the court or agency abroad to

16  U.S. federal-court judicial assistance"; (3) "whether the § 1782(a)
    request conceals an attempt to circumvent foreign proof-gathering

17  restrictions or other policies of a foreign country or the United States";
    and (4) whether the request is otherwise "unduly intrusive or

18  burdensome."

19  *Ishiyama*, 2022 WL 17970190, at *1 (quoting *Intel Corp.*, 542 U.S. 241.) !

20  Each of these factors weighs in favor granting the Application.

21  The first *Intel* factor favors Path and Tempest because Discord is not named in the *Gervais*

22  Action.  *See* Slenys Affidavit Ex. A.  Further, Discord refuses to preserve messaging data related to

23  Gervais and/or Roosen.  Bogen Decl. at ¶ 3.  Accordingly, this factor weighs in favor of granting the

24  Application.

25  The second *Intel* factor also weighs in favor of Path and Tempest.  "Courts conducting this

26  analysis focus on the utility of the evidence sought and whether the foreign tribunal [or court] is

27  likely to receive the evidence." *Ishiyama*, No. 22-MC-80192-EJD, 2022 WL 17970190, at *3 (N.D.

28  Cal. Dec. 27, 2022) (citing *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040 (N.D. Cal. 2016)).

*EX PARTE* APPLICATION FOR ORDER TO TAKE EVIDENCE PURSUANT TO 28 U.S.C. § 1782;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

104948156_1

1        Here, the evidence sought is highly useful because it is necessary to fulfill the Canadian

2   Court's Orders and is directly relevant to many of Path and Tempest's allegations in the *Gervais*

3   Action.  Further, the Canadian Court is likely to receive the evidence because Canadian courts have

4   requested assistance from this District specifically in the past.  *See In re W. Face Cap. Inc.*, No. 19-

5   MC-80090-LB, 2019 WL 1594994, at *3 (N.D. Cal. Apr. 15, 2019) (citations omitted).

6   Accordingly, this factor weighs in favor of granting the Application.

7        The third *Intel* factor likewise favors Path and Tempest because the Application is not an

8   attempt to circumvent any orders or foreign authority.  Rather, it is an attempt to fully execute the

9   orders already issued by the Canadian Court.  Slenys Affidavit Ex. A at ¶ 6.  Gervais claims he

10  cannot access and deliver the data as ordered by the Canadian Court.  *Id.* at ¶¶ 185-86, 195. Discord

11  also refuses to cooperate.  Bogen Decl. ¶ 3.  The Application seeks to remedy this issue.  As such,

12  the third *Intel* factor weighs in favor of granting the Application.

13       The fourth and final *Intel* factor favors Path and Tempest because the relief that the

14  Application seeks is not intrusive or unduly burdensome.  Indeed, the Application does not intrude

15  on Discord business information; rather, it only seeks Gervais, Roosen, and Archetype-related

16  information and data whose production has already been ordered by the Canadian Court.  Warren

17  Decl. Exs. C, B, F.  Additionally, Discord can provide Warren with access to Gervais, Roosen and

18  Archetype's account details and messaging data with minimal effort, as it is its business to host and

19  allow users to access their accounts and messaging history.  Further, Warren's execution of the

20  Canadian Court's Orders aligns with the precedent in this district and is authorized by the governing

21  statute.  *See In re: Request for Int'l Jud. Assistance From the Turkish Ministry of Just.*, No. 16-MC-

22  80108-JSC, 2016 WL 2957032, at *2 (N.D. Cal. May 23, 2016); 28 U.S.C. §1782(a) ("By virtue of

23  his appointment, the person appointed has power to administer any necessary oath and take the

24  testimony or statement. The order may prescribe the practice and procedure, which may be in whole

25  or part the practice and procedure of the foreign country or the international tribunal, for taking the

26  testimony or statement or producing the document or other thing. To the extent that the order does

27  not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing

28

104948156_1

1  produced, in accordance with the Federal Rules of Civil Procedure.").  This factor thus weighs in

2  favor of granting the Application.

3        Finally, the Court should grant the Application *ex parte*, in accordance with the standard

4  practice in this district.  *See, e.g. In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-MC-

5  80048-MEJ, 2016 WL 1161568, at *1 (N.D. Cal. Mar. 24, 2016); *In re Med. Inc. Ass'n Takeuchi*

6  *Dental Clinic*, No. 5:22-MC-80200-EJD, 2022 WL 10177653, at *1 (N.D. Cal. Oct. 17, 2022); *In re*

7  *Soeda*, No. 20-MC-80150-SVK, 2020 WL 6149695, at *1 (N.D. Cal. Oct. 20, 2020).

8  **CONCLUSION**

9        For the foregoing reasons, Path and Tempest respectfully request that the Court enter an

10  order issuing the Discord Subpoena and appointing Tom Warren as Commissioner of this Court to

11  take such steps as may be necessary to complete execution of the Canadian Court's Orders.

12  Dated:  May 22, 2023

13                      Respectfully submitted,

14

15                      RITA M. HAEUSLER
                    HANNAH A. BOGEN
                    HUGHES HUBBARD & REED LLP

16

17                      By:  /s/Rita M. Haeusler
                            Rita M. Haeusler

18                          Attorneys for Applicants
                      PATH NETWORK, INC. and

19                        TEMPEST HOSTING, LLC.

20

21

22

23

24

25

26

27

28

11