~~COURTESY COPY~~

```
RITA M. HAEUSLER (SBN 110574)
rita.haeusler@hugheshubbard.com
HANNAH A. BOGEN (SBN 324294)
hannah.bogen@hugheshubbard.com
HUGHES HUBBARD & REED LLP
1999 Avenue of the Stars, 9th Floor
Los Angeles, CA 90067-4620
Telephone: (213) 613-2800
Facsimile: (213) 613-2950
```

Attorneys for Applicants Path Network, Inc. and Tempest Hosting, LLC

```
NURY SIEKKINEN (PRO HAC VICE)
nury@zwillgen.com
ZWILLGEN PLLC
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 706-5229
Facsimile: (202) 706-5298
```

Attorneys for Respondent Discord Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re *Ex Parte* Application of<br><br>Path Network, Inc. and Tempest Hosting, LLC,<br><br>Applicants. | CASE NO. 3:23-MC-80148-PHK<br><br>[MAGISTRATE JUDGE PETER H. KANG]<br><br>**JOINT STIPULATION AND ~~[PROPOSED]~~ ORDER** |

Pursuant to the Court's November 22, 2023 order (ECF No. 23) ("Order"), Applicants Path Network, Inc. ("Path") and Tempest Hosting, LLC ("Tempest") (collectively "Applicants") and Respondent Discord Inc. ("Discord"; collectively, the "Parties") hereby stipulate as follows:

1.   On November 28, 2023, and December 14, 2023, counsel for the Parties met and conferred telephonically to discuss the terms of a revised subpoena that would comply with the Court's November 22, 2023 order (the "Revised Discord Subpoena").

2.  Counsel for the Parties agreed that the Revised Discord Subpoena will include the following requests:

- 1) All account data, not including the contents of electronic communications, associated with Curtis Gervais, including any aliases, usernames or Discord tags he used, such as cmg#82391;

- 2) All account data, not including the contents of electronic communications, associated with Rene Roosen, including any aliases, usernames or Discord tags he used, such as Renual#7394;

- 3) All account data, not including the contents of electronic communications, associated with Archetype#8484;

- 4) Roosen, Gervais and Archetype#8484's login history for any and all Discord accounts, including but not limited to cmg#8239, Renual#7394, and Archetype#8484; and

- 5) Any and all headers of messaging data associated with any of Roosen, Gervais, or Archetype#8484's Discord account(s) including cmg#8239, Renual#7394 and Archetype#8484.

3.  Counsel for the Parties also agreed that the Revised Discord Subpoena will include detailed definitions of its terms, including but not limited to definitions of "Account Data," "Header," and additional information that Discord can use to identify accounts associated with Curtis Gervais and Rene Roosen, such that Discord will not conduct a search and production that is unduly burdensome or overbroad.  This additional information includes that required to register with Discord, such as a user's first and last name, email, and birth date.  To the extent Applicants have additional information that will help guide Discord's search and production, Applicants will include it in the "Identifying Information" section of the Revised Discord Subpoena.  To be clear, although Applicants have Mr. Roosen's birth month and year, they do not have access to his specific birth date.

4.  The additional identifying information in the Revised Discord Subpoena will include the identifying information that Applicants' counsel sent to Discord's counsel on August 17, 2023, which Discord previously used to preserve responsive data.

5.  Attached hereto as **Exhibit 1** is the Revised Discord Subpoena.

6. The Parties agree that the Revised Discord Subpoena is consistent with the Stored Communications Act and the Court's Order.

7. Applicants request (to which Discord does not object) that the Court issue the Revised Discord Subpoena consistent with the Court's Order.

8. The Parties agree that once the Court issues the instant Joint Proposed Stipulation and Proposed Order, including **Exhibit 1**, the Revised Discord Subpoena will also be deemed issued.

9. The Parties agree that Discord will produce documents responsive to the Revised Discord Subpoena electronically such that travel is not required. To the extent the Court requires Discord to produce any responsive documents in hard copy, Applicants will travel to Discord's headquarters in San Francisco, California to ensure compliance with Federal Rule of Civil Procedure 45(c)(2)(A) and the Court's orders.

10. The Parties agree that Discord's production will occur no more than 30 days after the Court issues the Revised Discord Subpoena.

**IT IS SO STIPULATED.**

DATED: December 21, 2023.

By: /s/ Hannah A. Bogen
Rita M. Haeusler
Hannah A. Bogen
Hughes Hubbard and Reed LLP
Attorneys for Applicants Path Network, Inc. and Tempest Hosting, LLC

DATED: December 21, 2023.

By: /s/ Nury M. Siekkinen
Nury M. Siekkinen
Zwillgen PLLC
Attorney for Respondent Discord, Inc.

**PURSUANT TO THE ABOVE STIPULATION, IT IS SO ORDERED.**

DATED: December 22, 2023.

United States Magistrate Judge
Peter H. Kang

# Exhibit 1

104780674_1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

|  |  |  |
|---|---|---|
| _Plaintiff_ | ) | |
| v. | ) ) ) | Civil Action No. 23-mc-80148-PHK |
| _Defendant_ | ) ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:

_(Name of person to whom this subpoena is directed)_

❐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

_CLERK OF COURT_

OR

_____         _____
_Signature of Clerk or Deputy Clerk_              _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-mc-80148-PHK

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A TO SUBPOENA TO DISCORD INC.

*Production:* **YOU ARE COMMANDED** to produce within 30 days of the issuance of the Revised Discord Subpoena attached hereto the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

1) All account data, not including the contents of electronic communications, associated with Curtis Gervais, including any aliases, usernames or Discord tags he used, such as cmg#82391;

2) All account data, not including the contents of electronic communications, associated with Rene Roosen, including any aliases, usernames or Discord tags he used, such as Renual#7394;

3) All account data, not including the contents of electronic communications, associated with Archetype#8484;

4) Roosen, Gervais and Archetype#8484's login history for any and all Discord accounts, including but not limited to cmg#8239, Renual#7394, and Archetype#8484; and

5) Any and all headers of messaging data associated with any of Roosen, Gervais, or Archetype#8484's Discord account(s) including cmg#8239, Renual#7394 and Archetype#8484.

## DEFINITIONS

- "Account data" includes a user's first and last name, email address, birthdate, and any other non-content records for a specific user, including but not limited to the servers and channels they maintain or join.

- "Header" includes the name and Discord username / tag of the sender, recipient, and any copied or blind copied recipients in a particular Discord direct message, and the date and time that message was sent and/or received. Senders, recipients, those copied, and/or blind copied on messages include the recipients or viewers of direct messages on the Discord platform.

## IDENTIFYING INFORMATION

The list of identifying information below represents the universe of identifying information which Applicants have provided to Discord.

Curtis Gervais

- Mr. Gervais is a Discord user who was born on March 16, 1998.

- Mr. Gervais is associated with one or more of the following emails:

280209929_1

2

- o deesnutiam@protonmail.com
- o ca@metaltux.com
- o curtis@thegeekbin.com
- o curtis@veilios.com
- o curtis@path.net

- Mr. Gervais's address is 1310 Concession 1B Dalhousie Road, Lanark, Ontario.

- Mr. Gervais's company, Packet Rabbit Inc. has a data center located at 2900 Avenue Marie Curie, Saint-Laurent, Quebec, H4S 2C2.

- Mr. Gervais is also suspected to use the following aliases, which the Court listed in its previous orders:
    - o cmg
    - o wdmg
    - o Dees Nutiam
    - o Johnaton Gater
    - o Archetype
    - o Veilos
    - o Veilos Hosting, LLC

Rene Roosen

- Mr. Roosen was born in December of 1996.

- One of Mr. Roosen's potential home addresses is 1515 Round Table Drive, Dallas, TX, 75247-3509.

- Mr. Roosen is also suspected to use the following aliases, which the Court listed in its previous orders:
    - o Rene Roosen a.k.a. Renaul Roosen
    - o Ryzor a.k.a. RyzOr
    - o Game Server Kings a.k.a. GSK
    - o "Archetype"